UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**FIDEL ALAIN MARTIN-SOSA**

Defendant.

No. **4:19-cr-041-P-10**
No. **4:24-cv-492-P**

## ORDER

Before the Court is a motion for sentence reduction or compassionate release under 18 U.S.C. § 3582(c) filed by defendant Fidel Alain Martin-Sosa. ECF No. 448. Having considered the Motion, the record, and the applicable law, the Court concludes that the Motion should be, and it is hereby, **DENIED**.

In the Fifth Circuit, neither the sentencing guidelines' policy statement nor the commentary is binding on the Court when addressing a motion under § 3582. *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Instead, the Court is bound only by the text of 18 U.S.C. § 3582(c)(1)(A) and the sentencing factors in 18 U.S.C. § 3553(a). *Id.* Nevertheless, the Court may use the policy statement as a tool in reviewing the motion. To prevail, the movant must still: (1) show extraordinary and compelling reasons warranting relief, (2) show that compassionate release is consistent with applicable policy statements, and (3) convince the Court to exercise its discretion to grant the motion after considering the § 3553(a) factors. *United States v. Cooper*, 996 F.3d 283, 287 (5th Cir. 2021) (citing *Shkambi*, 993 F.3d at 392).

In making its determination, the Court is to generally consider—but is not bound to accept—the nonfrivolous arguments before it. *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022) (citing *Golan v. Saada*, 142 S. Ct. 1880, 1893 (2022)). "A district court is not required to be persuaded by every argument parties make, and it may, in its

discretion, dismiss arguments that it does not find compelling without a detailed explanation." *Concepcion*, 142 S. Ct. at 2404. Indeed, "the Act does not require a court to reduce any sentence." *Id.* (citation omitted).

In their commentary, the Sentencing Guidelines elaborate that "extraordinary and compelling reasons" can include medical conditions such as terminal illness, serious deterioration in mental or physical health because of aging, and family circumstances such as incapacitation of the caregiver of defendant's minor children. USSG § 1B1.13 (policy statement). The Fifth Circuit has described these as "compassionate release claims." *United States v. Chambliss*, No. 19-50741, 2020 WL 428933 (5th Cir. Jan. 28, 2020). Although the commentary also states that there can be "in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C) [medical and family reasons]" (USSG § 1B1.13), the Court is not inclined to believe that such "other reasons" include the circumstances described by Defendant in his motion.

The Court notes that Defendant does not appear to meet any of the criteria that would qualify as extraordinary or compelling. Defendant was sentenced to imprisonment for 168 months by Judge John McBryde for Conspiracy to Possess with Intent to Distribute a Controlled Substance. His sentence was recently reduced by this Court to 122 months. ECF No. 423. The Court cannot find that Defendant warrants a second sentence reduction or that he is not a danger to the community. And, having considered all of the factors set forth in 18 U.S.C. § 3553(a), the Court is not persuaded that relief should be granted. A reduction of Defendant's sentence would not reflect the seriousness of his conduct, promote respect for the law, provide just punishment, or afford adequate deterrence to criminal conduct.

If the Court is mistaken, and defendant has spelled out extraordinary and compelling reasons for his early release, the Court would still not reduce his sentence. Defendant has made no attempt to show (outside of argument), and the Court cannot find, that Defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). USSG 1B1.13 (policy statement).

Thus, Defendant fails to show any extraordinary and compelling reasons that warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). And, having considered all the factors set forth in 18 U.S.C. § 3553(a), the Court is not persuaded that relief should be granted. A reduction of Defendant's sentence would not reflect the seriousness of his conduct, promote respect for the law, provide just punishment, or afford adequate deterrence to criminal conduct. His motion is **DENIED**.

**SO ORDERED** on this **3rd day of June 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE